UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SVITLANA VASILVNA TOMYNETS,

    Petitioner,

v.                                          Case No. 8:16-cv-3025-T-27AAS

MOSES IVANOVICH KOULIK,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 62), recommending that Petitioner's petition for the return of her minor child, S.O.T., to Ukraine pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") be granted. Respondent never filed an answer to the petition. No objections to the Report and Recommendation have been filed and the time within which to do so has passed.[1] Upon consideration, the Report and Recommendation is adopted as the opinion of the Court and Petitioner's petition for return of S.O.T. to Ukraine under the Hague Convention is **GRANTED**.

---

[1] Respondent did, however, send six e-mails to the Magistrate Judge on June 2, 2017. (Dkt. 65-1 to 65-6). Respondent's e-mails requested that certain evidence be placed under seal. (Dkt. 65-1). The only portions of the e-mails that could conceivably be construed as objections to the Report and Recommendation are the following statements: "[S.O.T] is American citizen, because she was born from father that is American citizen and American Constitution protects American citizens. [S.O.T.] is 9 years old, 6 years she is already leaving [sic] in Florida." (*Id.*).

However, Respondent sent another e-mail to the Magistrate Judge on June 13, 2017, that states, "I am ready to bring daughter [S.O.T.] were [sic] Svitlana [Tomynets] and [interpreter] Alexander [Lochow] stay, but i losted [sic] their address." (Dkt. 66-1). The e-mail further states that Respondent has attempted for three days to contact Petitioner to arrange the return of S.O.T., but he has received no response. (*Id.*). Respondent's e-mail communications with the Magistrate Judge, albeit improper, indicate that he has no objections to the Report and Recommendation. His lack of objection is further evidenced by the fact that he has not filed anything with the Court, despite repeated admonishments from the Magistrate Judge that all documents seeking relief must be filed. (Dkts. 65-66).

1

## I. STANDARD OF REVIEW

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In absence of specific objections, there is no requirement that factual findings be reviewed *de novo*. *Id.*; *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Rather, a district court is bound to defer to the factual findings of a magistrate judge unless the findings are clearly erroneous. *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994) (per curiam). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See id.*; *LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (per curiam) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)).

## II. DISCUSSION

To establish wrongful retention of S.O.T. under the Hague Convention, Petitioner must establish by a preponderance of the evidence that (1) S.O.T. was a habitual resident of Ukraine at the time Respondent retained her in the United States, (2) the retention was in breach of her custody rights under the law of Ukraine, and (3) she had been exercising her custody rights at the time of the retention. *Ruiz v. Tenorio*, 392 F.3d 1247, 1251 (11th Cir. 2004) (per curiam). If Petitioner meets this burden, S.O.T. must be " 'promptly returned unless one of the narrow exceptions set forth in the Convention applies.' " *Lops v. Lops*, 140 F.3d 927, 936 (11th Cir. 1998) (quoting 42 U.S.C. § 11601(a)(4)). It is Respondent's burden to establish that an exception applies. *Fuentes-Rangel v. Woodman*, 617 F. App'x 920, 922 n.2 (11th Cir. 2015) (citing 22 U.S.C. § 9003).

After careful consideration of the thorough and well-reasoned Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. The

Magistrate Judge recommended that the petition for return of S.O.T. to Ukraine be granted after concluding that Petitioner established that:

> (1) S.O.T. was a "habitual resident" of Ukraine immediately before the wrongful retention by Respondent; (2) the wrongful retention was in breach of Petitioner's custody rights under the laws of Ukraine; (3) Petitioner had been exercising or would have been exercising custody rights concerning S.O.T. at the time of the wrongful retention of S.O.T.; and (4) S.O.T. has not attained the age of 16.

(Report and Recommendation, Dkt. 62 at p. 20) (citing *Ruiz*, 392 F.3d at 1251; *Lops*, 140 F.3d at 936). The Magistrate Judge also concluded that Respondent failed to establish any of the Hague Convention's narrow exceptions. (*Id.* at p. 28). On *de novo* review, the Court agrees with the Magistrate Judge's conclusions. *LeCroy*, 397 F. App'x at 556.

### A. *S.O.T.'s Habitual Residence At the Time of Retention and Petitioner's Exercise of Custody Rights*

Petitioner established a *prima facie* case of wrongful retention under the Hague Convention. It is undisputed that S.O.T. is under the age of 16. It is also undisputed that Respondent's decision to retain S.O.T. beyond a six month visit to the United States that terminated on June 3, 2013 was in breach of Petitioner's custody rights under the laws of Ukraine. (Report and Recommendation, Dkt. 62 at p. 21). It appears from Respondent's documentary evidence and testimony, since he did not file an answer to the petition, that he argued that S.O.T. was not a habitual resident of Ukraine and Petitioner had not been exercising her custody rights over S.O.T. prior to his retention of her in the United States. (*Id.*).

The Eleventh Circuit provides an analytical framework for determining habitual residence. *See Ruiz*, 392 F.3d at 1252. "The first step toward acquiring a new habitual residence is forming a settled intention to abandon the one left behind." *Id.* The shared intention of the parents governs. *Id.*

at 1253. In addition to the settled intention of the parents to acquire a new habitual residence, "there must be an actual change in geography and the passage of a sufficient length of time for the child to have become acclimatized." *Id.* As for custody rights, courts define "exercising custody" broadly and find that a parent is exercising custody "whenever a parent with *de jure* custody rights keeps, or seeks to keep, any sort of regular contact with his or her child." *Friedrich v. Friedrich,* 78 F.3d 1060, 1065 (6th Cir. 1996); *see also Rodriguez v. Yanez,* 817 F.3d 466, 472 (5th Cir. 2016) ("[E]ven occasional contact with the child constitutes 'exercise' of those rights.").

The Magistrate Judge found that S.O.T. resided in Ukraine from her birth date of March 28, 2008 until at least February 2011. S.O.T. made temporary visits to the United States in 2011 and 2012 to visit Respondent, who permanently relocated to the United States in 2009, but returned to Ukraine after each visit. Petitioner agreed to S.O.T. making another temporary visit to the United States while she received medical treatment for her back. Respondent initially proposed a three month visit. Petitioner agreed to a six month visit that would start in December 2012 and end on June 3, 2013 after Respondent unilaterally purchased non-refundable tickets for a trip of that length. While S.O.T. was in the United States, Petitioner registered her to start preschool in Ukraine when she returned. She maintained regular contact with S.O.T. during the six month trip. (Report and Recommendation, Dkt. 62 at pp. 4-5, 8-11).

The Magistrate Judge's findings are not clearly erroneous, and establish that S.O.T. was a habitual resident of Ukraine prior to Respondent's retention of her in the United States. S.O.T.'s trip to the United States was intended to be for a specific, delimited period, and the parties therefore had no shared, settled intention to abandon Ukraine and make the United States S.O.T.'s habitual residence. *See Ruiz,* 392 F.3d at 1252-53. Further, the six months that S.O.T. was in the United

States immediately prior to Respondent's retention of her was an insufficient amount of time for her to become acclimatized. *Id.* at 1255. The absence of the parties' shared intention to establish a new habitual residence and because S.O.T. did not have sufficient time to become acclimatized during her visit demonstrate that she was habitual resident of Ukraine as of June 3, 2013, the date Respondent retained her in the United States. *Id.* at 1256.

Petitioner also maintained regular contact with S.O.T. during her six month visit to the United States. After Respondent wrongfully retained S.O.T. past the end of the planned visit, Petitioner continued to maintain or attempt to maintain contact with her via mail, Skype, and telephone calls. Petitioner's efforts to maintain communication with S.O.T. constituted an exercise of her custody rights. *See, e.g. Friedrich*, 78 F.3d at 1065; *Rodriguez*, 817 F.3d at 472.

Petitioner, therefore, established a *prima facie* case that S.O.T. should be returned to Ukraine because of Respondent's wrongful retention of her in the United States. Respondent has the burden to establish one of the narrow exceptions in the Hague Convention to S.O.T.'s return to Ukraine. *Fuentes-Rangel*, 617 F. App'x at 922 n.2 (citing 22 U.S.C. § 9003).

### *B.     Respondent Did Not Establish Any Exception Under the Hague Convention*

The Magistrate Judge thoroughly sifted through Respondent's documentary evidence and testimony for arguments that could be construed as an assertion of Hague Convention exception, since Respondent did not file an answer to the petition. The Magistrate Judge correctly concluded that Respondent failed to establish any of the exceptions that would prevent S.O.T.'s return to Ukraine, and that the goals of the Hague Convention are furthered by returning S.O.T. to Ukraine. Only one of the exceptions addressed in the Report and Recommendation merits discussion in light

of Respondent's *ex parte* e-mails to the Magistrate Judge.[2]

As noted, the only statement in Respondent's improper *ex parte* e-mails to the Magistrate Judge that could conceivably be construed as an objection to the Report and Recommendation is his bare factual statement that S.O.T. has lived in the United States for six years. (Dkt. 65-1). Respondent overestimates, because not even five years have passed since S.O.T.'s visit began in December 2012, but his statement bears on the Hague Convention exception that potentially applies when more than a year has passed between the date of the wrongful retention and the date of a petitioner's commencement of Hague proceedings. If more than a year has passed, the child should still be returned to a petitioner who makes a *prima facie* case under the Hague Convention unless a respondent establishes by a preponderance of the evidence that the child is now "well-settled" in the new environment. *Lops*, 140 F.3d at 945-46 (citing Hague Convention, art. 12).

Petitioner filed her petition more than a year after Respondent's wrongful retention of S.O.T. Accordingly, Respondent had the opportunity to establish that S.O.T. should not be returned to Ukraine by evidence that she is well-settled in the United States. Notwithstanding, even though S.O.T. has lived in the United States for more than four years, the Magistrate Judge found that S.O.T.

---

[2] The findings by the Magistrate Judge, which are not clearly erroneous, are that Respondent failed to establish by a preponderance of the evidence that Petitioner consented to retention of S.O.T. in the United States, *Friedrich*, 78 F.3d at 1069-70 (citing Hague Convention, art. 13), or, by clear and convincing evidence, that her return to Ukraine would expose her to a grave risk of physical harm, psychological harm, or an intolerable situation, *Gomez v. Fuenmayor*, 812 F.3d 1005, 1012 (11th Cir. 2016) (citing Hague Convention, art. 13).

Respondent also failed to establish by a preponderance of the evidence that S.O.T. is of a sufficient age and maturity that her views should be considered. *See* Hague Convention, art. 13. Her wish to stay in the United States should be afforded no weight because of the evidence that it is the product of Respondent's undue influence over her and of her separation from Petitioner. Courts have concluded that a child's view holds little weight in cases of undue influence. *See, e.g., Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 204-09 (E.D.N.Y. 2010), *aff'd*, 401 F. App'x 567 (2d Cir. 2010); *Hazbun Escaf v. Rodriguez*, 200 F. Supp. 2d 603, 615 (E.D. Va. 2002).

Respondent did not make any statements in his e-mails after the Magistrate Judge entered the Report and Recommendation that could be construed as objections to the Magistrate Judge's findings on these grounds. (Dkt. 65-1 to 65-6; Dkt. 66-1).

does not have many friends in the United States, is frequently tardy and absent from school, and is involved in few social and extracurricular activities for a child her age. Respondent has been unemployed since at least 2009, and has had discussions with Petitioner regarding his lack of finances and inability to provide for S.O.T. He lied to Petitioner about S.O.T.'s health on multiple occasions in order to get her to send him money. A psychologist who examined S.O.T. and interviewed Respondent opines that he is manipulating S.O.T. into viewing Petitioner negatively, and that his manipulations have been harmful to S.O.T.'s emotional well being. S.O.T. is underweight for a child her age by about twenty pounds and has significant dental decay. (Report and Recommendation, Dkt. 62 at pp. 12-15, 17-20).

The Magistrate Judge's findings are not clearly erroneous, and considered together, establish that she is not well-settled in the United States. *See Cooper-Houston*, 37 F.3d at 604; *Lops*, 140 F.3d at 946. Accordingly, Respondent has not met his burden of establishing that S.O.T. is well-settled in the United States or that any other exception applies to defeat Petitioner's *prima facie* case for return of S.O.T. to Ukraine under the Hague Convention.[3]

### III. CONCLUSION

Accordingly:

(1) The Report and Recommendation (Dkt. 62) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

(2) Petitioner's Verified Petition for the Return of Minor Child Pursuant to Hague Convention (Dkt. 1) is **GRANTED**. Respondent is ordered to surrender S.O.T. to Petitioner within

---

[3] Moreover, there is an outstanding warrant for Respondent's arrest in Ukraine relating to allegations that he manipulated women who were part of his congregation into engaging in sexual activity with him, which could affect S.O.T.'s ability to live in the United States with him.

7

five (5) days of the date of this Order.

(3)     Respondent is ordered not to interfere with S.O.T.'s return to Ukraine and not to remove S.O.T. from the Middle District of Florida pending his surrender of S.O.T. to Petitioner. The United States Marshals Service is directed to ensure that Respondent complies with the Court's Order.

(4)     The Clerk is directed to return Petitioner and S.O.T.'s travel documents to them, or through Petitioner's counsel.

(5)     Within seven (7) days of S.O.T.'s return to Ukraine, Petitioner shall certify that she has complied with the terms of this order.

(6)     Respondent may file a motion for the return of his travel documents after Petitioner and S.O.T. have departed for Ukraine. The motion must be filed with the Clerk. Any requests sent via e-mail will be disregarded.

(7)     Jurisdiction is reserved to impose undertakings and further conditions for removal, if necessary, and to award expenses and fees pursuant to 22 U.S.C. § 9007.

**DONE AND ORDERED** this 19th day of June, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record and *pro se* Respondent